## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DALE SPEARS,**

                    Plaintiff,

**vs.**                          **CASE NO. _____**

**ACCOUNTS RECEIVABLE**
**MANAGEMENT, INC.,**
                    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.      Plaintiff, Dale Spears is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4.      Defendant, Accounts Receivable Management, Inc. is a Florida corporation with its principal place of business and corporate offices in Miramar, Florida.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as that term is defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendant sought to collect medical debts from Plaintiff.

10.     Defendant left the following message(s) on Plaintiff's voice mail on his cellular telephone on or about the date(s) stated:

October 24, 2014 at 10:39 AM
This message is for Dale Spears; please call Ms. Penny at 1-888-548-8829 extension 106. Thank you.

11.     The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA; Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's name.

## COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

14.     Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11).  *See* Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D. Fla. 2006); Leyse v. Corporate Collection Servs., 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses, and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

16.     Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

17.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of its communication in

the telephone message in violation of 15 U.S.C. § 1692d(6).  *See* <u>Valencia v. The Affiliated Group, Inc.</u>,   2008 WL 4372895 (S.D. Fla. 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 597 (N.D.Ga. 1982); <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp.2d 1104, 1112 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.  Damages;

      b.  Attorney's fees, litigation expenses, and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

<u>**JURY DEMAND**</u>

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
Counsel for Plaintiff